941 F.2d 1210
 RICO Bus.Disp.Guide 7810
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Theodore N. TRIKILIS, Plaintiff-Appellant/Cross-Appellee,
v.
OLD PHOENIX NATIONAL BANK, et al., Defendants-Appellees,
and
Paul W. Useloff and Richard P. Mihalik,
Defendants-Appellees/Cross-Appellants.
 Nos. 90-3698, 90-3714.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1991.
 
 Before KENNEDY and MILBURN, Circuit Judges, and ZATKOFF, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant/cross-appellee Theodore N. Trikilis appeals pro se from an order of the district court dismissing with prejudice his RICO-based complaint against numerous defendants that he claims were responsible for the failure of Pro Arts DIP to successfully emerge from a Chapter 11 bankruptcy reorganization. Defendants-appellees/cross-appellants Paul Useloff and Richard Mihalik cross-appeal the district court's refusal to impose sanctions against plaintiff based on an alleged false affidavit filed by plaintiff in opposition to their motion to dismiss. For the reasons that follow, we affirm in part and reverse in part.
 
 I.
 
 2
 In 1969, plaintiff Trikilis, together with his brother and his uncle, formed Pro Arts, Inc. The company filed for protection under Chapter 11 of the bankruptcy code on December 29, 1981, and became Pro Arts, Inc., debtor in possession ("Pro Arts DIP"). On June 28, 1983, a Chapter 11 reorganization plan was confirmed by the bankruptcy court; however, the plan was unsuccessful, and the proceeding was converted to a Chapter 7 liquidation on March 8, 1984.
 
 
 3
 Plaintiff's third amended complaint alleges that virtually every person and entity involved with Pro Arts DIP, including investors, corporate officers, creditors, and their respective attorneys, looted the corporation through various acts of mail, wire and bankruptcy fraud which constitute RICO violations. Plaintiff also alleges a complex conspiracy among all the various defendants. Plaintiff alleges that the wrongful acts injured him through loss of his employment contract with Pro Arts, loss of his ability to collect debts from Pro Arts, Inc. and Pro Arts DIP, and from being left personally liable for debts that Pro Arts, Inc. or Pro Arts DIP would otherwise have paid.
 
 
 4
 The district court held that Trikilis was not the proper party to complain of the RICO violations. The district court was of the view that according to the allegations in the complaint, the injury to Trikilis was merely derivative of injury to the corporation. As guarantor, creditor, and employee of Pro Arts, Inc., "Trikilis [had] no standing under RICO to redress [the] damages [alleged]."
 
 
 5
 The district court denied, without explanation, a motion for sanctions filed by Useloff and Mihalik. Useloff and Mihalik argued that Trikilis made false statements in an affidavit filed in opposition to their motion to dismiss on statute of limitation grounds.
 
 
 6
 The principal issues presented for review are (1) whether the district court erred in holding that plaintiff did not have standing because his injury was derivative of injury to the corporation, only indirectly caused by the RICO violations, and (2) whether the district court abused its discretion in refusing to impose sanctions.
 
 II.
 
 7
 We turn first to the cross-appeal of defendants Useloff and Mihalik wherein they argue that the district court abused its discretion in refusing to impose sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure against plaintiff Trikilis for filing a false affidavit in opposition to their motion to dismiss. By signing a "paper" filed with the court, whether or not a signature is required, a party certifies the truth of the contents of that paper. Business Guides, Inc. v. Chromatic Communications Enter., --- U.S. ----, 111 S.Ct. 922, 930 (1991). Thus, parties are under an affirmative duty to ascertain the truth of the contents of any "paper" they sign. The "applicable standard is one of reasonableness under the circumstances." 111 S.Ct. at 933. A district court's ruling on a motion for Rule 11 sanctions is reviewed for abuse of discretion. Cooter & Gell v. Hartmarx Corp., --- U.S. ----, 110 S.Ct. 2447, 2461 (1990).
 
 
 8
 In the affidavit filed in opposition to Mihalik and Useloff's motion to dismiss, plaintiff stated: "Affiant first learned of the secret setoff of the $225,000 judgment of Pro Arts, Inc., debtor in possession, against Useloff and his confederates Mihalik ... and Doughty when he received from attorney Roger Ingraham in 1987 a certain letter from the attorneys for Useloff, namely Cantwell and Balonick." Trikilis further stated in the affidavit that "prior to his receipt of the aforesaid letter he had no knowledge whatever of this setoff...."
 
 
 9
 Proof that Trikilis knew the falsity of these statements is provided by testimony of Trikilis recorded in a bankruptcy hearing held November 3, 1988, only seven days before the date of the affidavit which Mihalik and Useloff challenge. In that hearing, conversations between Trikilis and others taped on April 29, 1983, were admitted into evidence. These conversations revealed that Trikilis discussed with others the impending arrangement with Useloff and Mihalik, namely, "washing the $225,000 judgment...." Trikilis further stated, "Barry made a deal with the people in Chicago, through David Best the attorney handling that, that they were going to erase the [$225,000] and put on a half a million dollar claim of which the net result would be $250,000 in unsecured debt."
 
 
 10
 The reason for the bankruptcy hearing was to deal with allegations by Trikilis that the setoff was arranged in secrecy, and after the tapes were played, Trikilis could only argue that "at the time these steps were being discussed, nothing firm had been done with [Mihalik and Useloff]." Under further questioning, Trikilis admitted, "I might have had knowledge of the possibility of [the setoff]." At the conclusion of the hearing, the bankruptcy judge stated: "It is clear from the tapes played before the court this morning that Mr. Trikilis, at the time, was aware that a setoff was contemplated, and that it was the opinion of counsel ... that the setoff would probably be allowed." In light of this record from the bankruptcy court, which was made part of the record before the district court, it was an abuse of discretion for the district court to deny Mihalik and Useloff's motion for sanctions.
 
 III.
 
 11
 Having reviewed the record and briefs filed herein, we AFFIRM that part of the district court's order dismissing plaintiff's RICO claims with prejudice and the state claims without prejudice for the reasons stated in the district court's memorandum of opinion dated July 5, 1990. However, with regard to the cross-appeal which involves the denial of defendants Useloff and Mihalik's motion for sanctions, we hold that the district court abused its discretion. Accordingly, we REVERSE and REMAND the case to the district court with instructions to award sanctions against Trikilis.
 
 
 
 *
 Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation